■ In the Matter of DUTCHESS COUNTY EMPLOYEES' UNIT, DUTCHESS

COUNTY CHAPTER, CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Petitioners, v ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Employment Relations Board which imposed upon petitioners a forfeiture of dues checkoff privileges for a period of three months. During negotiations in November or December, 1974 for an employment contract, the Dutchess County Employees' Unit of the Dutchess County Chapter of the Civil Service Employees Association, Inc., and the Civil Service Employees Association, Inc. (hereinafter petitioners) called a strike against Dutchess County (hereinafter county) which lasted five days from July 18 to July 24, 1975. Some 500 plus employees were missing from their duties on each day of the strike. Governmental officials were notified in advance of the impending strike and the employee organizers established committees in various locations throughout the county for picketing duties and set up crisis centers from which striking employees could be dispatched to their work locations if advised of an emergency. The strike caused mental health clinics to be canceled. Tuberculosis and child abuse clinics remained operative utilizing this call up system. During the last two days, basic medical care for residents of the county home and infirmary was unavailable. The total effect of the strike had relatively little effect upon public health and safety. The petitioners conceded they called the strike, but alleged that their responsibility for it was diminished by extreme provocation by the county. The hearing supports amply the conclusion that the county engaged in tactics which amounted to provocation. During negotiations for a contract between bargaining units for the petitioners and the county, which was represented by the county executive and a professional negotiator hired by the county, the county passed a wage freeze bill providing that, if no new contract was reached by the expiration of the existing one, no employee could receive a salary increase even if that contract provided for a raise. This inflammatory action increased the conflict between the negotiating parties. Further, the majority leader of the County Legislature informed a representative of the petitioners that the purpose of the legislation was to drive the petitioners to their knees and to force a settlement. These acts certainly impaired the climate of the negotiations. Additionally, the county executive and the petitioners reached a settlement on May 21, 1975. The County Legislature rejected the agreement in a manner which further damaged the negotiations by ridiculing the county executive, negotiator for the county, for failure to submit a funding resolution which he, in fact, had submitted. This undermined the confidence that petitioners had in the county's representative in these negotiations. The County Legislature which started playing an active role in negotiations in July, refused to meet without the superconciliator. When negotiations resumed in the presence of a conciliator on July 15 and 16, the legislators walked out. On July 16 the petitioners were told by the Chairman of the Finance Committee that he would recommend to the Legislature acceptance of certain contract proposals. The chairman, however, failed to recommend acceptance of the proposals and, in fact, urged their rejection. Considering all these circumstances, the Public Employees' Relations Board (PERB) ordered a period of dues checkoff forfeiture for three months. The question presented for review is whether a determination by PERB is supported by substantial evidence and whether the penalty imposed by PERB constitutes an abuse of discretion. The determination of PERB finds reasonable basis in the evidence and is supported by substantial

evidence. To establish an abuse of discretion, the record must show facts which will leave no possible scope for the reasonable exercise of the discretion in the manner of which petitioner complains. The record discloses a reasoned and thorough consideration of all aspects, that is, the circumstances and facts of the case including the willful defiance of subdivision 1 of section 210 of the Civil Service Law by petitioners; the impact of the strike on the health, safety and welfare of the community; the finances of the employee organization and the provocation of the public employer. The penalty imposed here is not an abuse of discretion. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., Mikoll and Herlihy, JJ., concur.